8469

KLECKLEY v. HOOK.

1. EVIDENCE—FINDINGS OF FACT—PRESUMPTIONS.—In an equity case, where the evidence is taken and reported to the Court, and where there is sufficient competent evidence to sustain the findings of the Circuit Judge, it is presumed he disregarded incompetent evidence, when the decree does not refer to evidence objected to.

2. IBID.—SPECIFIC PERFORMANCE.—In this case there was not such clear and convincing testimony as is required to decree specific performance of a parol contract to convey lands.

Before MEMMINGER, J., Lexington, December, 1911. Affirmed.

Action by Matilda Kleckley *et al.* against R. T. Hook. Plaintiff appeals.

*Messrs. Efird & Dreher,* for appellants.

*Messrs. Melton* and *Sturkie,* contra, cite: *Plaintiff having testified as to the transactions, defendant's evidence is competent:* 55 S. C. 328; 32 S. C. 359. *A contract to purchase for another, is not a contract of sale:* 27 S. C. 1; Jones on Mtgs., secs. 323, 331; 97 N. S. 624; 41 Wis. 100; 77 Pa. St.

134; 5 Bart. 63; Story Eq. Jur., sec. 1201a.  *As to improvements:* 77 S. C. 515.

March 17, 1913.  The opinion of the Court was delivered by

MR. JUSTICE WATTS.  This is an action for specific performance of a contract to convey land commenced February 24, 1911, and heard by his Honor, Judge Memminger, at the Fall term of the Court for Lexington county, 1911, and who filed his decree therein on December 2, 1911, refusing the prayer of the plaintiffs and dismissing the complaint.  From this decree appellants appeal and impute error to his Honor by five exceptions.  At the hearing the second exception was withdrawn by the appellants.

The first exception alleges error on the part of his Honor in not excluding the evidence of R. T. Hook, in part, on the ground that such evidence in chief and cross-examination in relation thereto was obnoxious to section 400 of the Code, in that said evidence relates to or is transactions or communications between the witness and a deceased, whose heirs at law are suing the witness on the claim, descended to them through the deceased.

The third, fourth and fifth exceptions impute error to the Circuit Judge in not finding that the preponderance of the evidence was to the effect that R. T. Hook had sold the land in question to George Kleckley, and in not decreeing specific performance, or, failing in this, that it was error in not finding by the preponderance of the evidence that the money paid by Hook to W. P. Roof was a loan to George Kleckley, and not adjudging that Hook should convey the lands to appellants upon payment to him by them of amount due and in holding that the possession of Kleckley was that of a tenant and not as a purchaser.

The testimony in the case was taken before a referee and reported to the Court.  Judge Memminger, with all the evidence taken before him, held that the possession of Kleck-

ley was that of a tenant and not a purchaser. He found that the taxes were paid by Hook and not by Kleckley, and the amount paid annually is no rate of interest. He found that there was no clear and convincing testimony to upset the legal title in Hook, but from all the testimony no such finding would be warranted, and that the evidence would not warrant a finding of plaintiffs' contention, and he finds for the defendant and dismisses the complaint. In our opinion, the Circuit Judge's finding could be sustained even if the evidence excepted to in appellant's first exception should be excluded. In arriving at the conclusion and finding that he did, we do not know whether his Honor excluded or considered the testimony of R. T. Hook, which was objected to, but assume that he only based his conclusions on competent testimony, although the referee might have reported incompetent testimony as said by this Court in *Leland* v. *Morrison*, 92 S. C. 501, 75 S. E. 892. "It will be borne in mind that the evidence in the case was taken before the master, and, under the law, it was his duty to take all of the testimony offered and report it to the Court. Even if incompetent evidence was in evidence, as this was not a jury trial, but a trial before the Judge, it is reasonable to suppose his Honor, in reaching his conclusions as to the facts of the case, did not base his decision upon anything but competent, relevant testimony."

His Honor having found that there was not such clear and convincing testimony as required by law as to decree specific performance of a parol contract to convey land, and having refused the same, we see no reason to disturb his findings and reverse his decree.

"It is incumbent on the appellants to satisfy this Court by the preponderance of the evidence that his Honor, the presiding Judge, erred in his findings of fact, which they have failed to do." *Leland* v. *Morrison*, 92 S. C. 501, 75 S. E. 892.

The exceptions are overruled and judgment affirmed.